(93 Misc. Rep. 561)

### BORCHARDT v. LORD ELECTRIC CO.

(Supreme Court, Appellate Term, First Department. February 23, 1916.)

1. DAMAGES ☞120—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for breach of contract to repair and maintain for a specified period an elevator is the sum the owner was required to pay to another in excess of the contract price to repair and maintain the elevator during the specified period.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 291–305; Dec. Dig. ☞120.]

2. DAMAGES ☞123—BREACH OF CONTRACT—MEASURE OF DAMAGES.

The measure of damages for breach of contract to examine, repair, and maintain for a specified period an elevator, resulting from negligent maintenance of the elevator, is the amount necessarily paid for necessary repairs, and that is not shown by the mere fact that a third person had given an estimate for repairs.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 320–325; Dec. Dig. ☞123.]

Appeal from City Court of New York, Trial Term.

Action by Samuel Borchardt against the Lord Electric Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Alpheus H. Favour, of New York City (William Wadsworth, of New York City, of counsel), for appellant.

Henry S. Mansfield, of New York City, for respondent.

PER CURIAM. The plaintiff herein has recovered a judgment in the sum of $807.46, with costs and interest, for damages caused by the breach of contract of the defendant. The issues were submitted to the court without a jury. The case presents primarily a question of law as to the construction of the contract, and we think that the trial justice has correctly determined that question in favor of the plaintiff.

[1] It seems to us, however, that the damages allowed are excessive. The defendant agreed "to examine, repair, and maintain" for

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

five years an elevator owned by the plaintiff for the sum of $400 per annum.   It repudiated its contract two years after it was made.   The plaintiff thereafter was obliged to enter into a contract with another company for the three years, at the rate of $515 per annum, and the trial justice correctly included in the damages awarded the sum of $345 for this excess payment.

[2] The plaintiff also showed that before making the new contract it was obliged to have certain repairs made upon the elevator, and we think it sufficiently appears that these repairs were necessitated by the negligent maintenance of the elevator by the defendant during the two years in which its contract was in existence.   The trial justice has found that the expense and the fair value of these repairs was the sum of $462.46.   In order to prove these damages the plaintiff showed that the American Elevator Company had given it an estimate of the cost of this work for the sum of $570.   It is, however, not disputed that the plaintiff did not accept the estimate, and there is absolutely no evidence that the estimate was fair and reasonable. The defendant thereafter proved that it had received an estimate from the Otis Elevator Company to make these repairs for the sum of $462.46 and that the Otis Elevator Company did some work in making these repairs and was paid for such work the sum of $293.46. The assistant superintendent of repairs testified that the work covered by the bills for this amount had been done under his direction and that the sum of $293.46 is the reasonable value for that work.   There is absolutely no proof that any work not covered by these bills was performed or was necessary.   The mere fact that previously the Otis Elevator Comany had given an estimate for $462.46 is no evidence that the plaintiff accepted that estimate, that that price was reasonable, or that the work performed by the company as shown by the bill was not the work covered by the estimate.

It follows that the judgment should be reduced in the sum of $169, with interest from October 17, 1914, and affirmed as modified, without costs on this appeal. ·